**Order entered March 22, 2013**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-12-00863-CR

**LAWRENCE FRANK CROUSE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Court at Law No. 2**
**Collin County, Texas**
**Trial Court Cause No. 002-87861-2011**

## ORDER

The Court has before it the State's March 4, 2013 motion to unseal State's Exhibit nos. 3 and 4 and Defendant's Exhibit no. 3 so that the State may refer to the exhibits in its brief. The exhibits involved are appellant's Presbyterian Hospital discharge instructions, Presbyterian Hospital records, and LifePath treatment records. The State asserts the exhibits were unsealed at the beginning of the trial, admitted into evidence, and that witnesses testified about information contained in the exhibits. The trial court resealed the exhibits at the conclusion of the trial. The State contends there is no legal basis for sealing the exhibits. The State says appellant raised an issue specifically challenging State's Exhibit nos. 3 and 4, and the State had to refer to the sealed exhibits in response. The State asks that we unseal the exhibits so that its brief may be made

available to the public without violating the trial court's order. Appellant did not respond to the State's motion.

The State does not complain it did not have access to the sealed exhibits in order to prepare its brief. Nor does the State complain the records are not available for this Court's review. Rather, the State's focus appears to be on its ability to cite to the exhibits and to have its brief available to the public.

Various witnesses testified to the contents of the exhibits during trial, but the trial court did not seal the entire record related to that testimony. Rather, the trial court, in the interest of protecting appellant's rights under HIPPA, determined the medical record exhibits should be sealed. Based on the argument presented in the State's motion, we cannot conclude the trial court abused its discretion by ordering the exhibits to be sealed.

Accordingly, we **DENY** the State's motion to unseal the exhibits without prejudice to the State reasserting its motion to the submissions panel.

/s/    CAROLYN WRIGHT
        CHIEF JUSTICE